UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JEFF EDWARDS**,<br><br>                    Plaintiff,<br><br>   -against-<br><br>**NASSAU COUNTY; OFFICER ROBERT JONES; JOHN DOES 1-2**,<br><br>                    Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Claim No. 22-cv-3137 |

Plaintiff JEFF EDWARDS, by his attorneys at Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. This is a civil rights action brought against Nassau County and officers/employees of the Nassau County Police Department, who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely

Notice of Claim with Nassau County, who designated the claim: "C/A File Number 21T97317."

5. Pursuant to New York State General Municipal Law § 50-h, Nassau County noticed the 50-h hearing of Plaintiff, which Plaintiff timely adjourned due to unavailability on the noticed date. Nassau County did not reschedule, thereby waiving their right to a 50-h hearing.

6. Plaintiff's claims were not adjusted within the period of time provided by statute.

## JURISDICTION & VENUE

7. Venue is properly laid in the United States District Court for the Eastern Jurisdiction of New York, because the Plaintiff's claims arose in Nassau County, which is within the jurisdictional boundaries of the Eastern District.

## PARTIES

8. Plaintiff Jeff Edwards ("Plaintiff") is, and was at all times relevant to this action, a resident of Suffolk County in the State of New York.

9. Defendant Nassau County ("County") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, sheriff's department, and correctional facility, all of which act as the County's agents in the area of law enforcement, for which the County is ultimately responsible.

10. Defendant County assumes the risks incidental to the maintenance of these law enforcement agencies and the employment of its officers, as said risks attach to the public consumers of services provided by the Nassau County Police Department ("NCPD"), Nassau County Sheriff's Department ("NCSD"), and the Nassau County Correctional Facility ("NCCF").

11. Defendant Police Officer Robert Jones (hereinafter "Jones") was, at all relevant times, a law enforcement officer employed by Nassau County. At all relevant times described herein he

was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

12. Defendant John Doe #1 (hereinafter "Doe #1") was, at all relevant times, a law enforcement officer employed by Nassau County. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

13. The true identity of Doe #1 is not currently known to the Plaintiff. Upon information and belief, Doe #1 is male, approximately 6'1", Caucasian, older, thin, with grey/white hair. Doe #2 was present for the assault on Plaintiff.

14. Defendant John Doe #2 ("hereinafter Doe #2") was, at all relevant times, a law enforcement officer employed by Nassau County. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

15. The true identity of Doe #2 is not currently known to the Plaintiff. Upon information and belief, Doe #2 is male, possibly Spanish or Italian, approximately 6'1", with dark hair.

16. Does #1–2 are employees or agents of Defendant Nassau County. Accordingly, each officer is entitled to representation in this action by the County pursuant to New York State General Municipal Law § 50-k. The County, then, is hereby put on notice (a) that Plaintiff intends to name said officers as defendants in an amended pleading once their identities are known; and (b) that the County should immediately begin preparing the Doe Defendants' defense in this action.

17. Jones and Does #1–2 are referred to herein as the "Individual Defendants."

18. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and

officers of Nassau County, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the County at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the County and incidental to the lawful pursuit of their duties as officers, employees and agents of the County.

19. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

20. On or about February 26, 2021, Plaintiff Jeff Edwards was transferred from Suffolk County into the custody of Nassau County law enforcement for a missed court date on a traffic violation. He was moved from Central Islip on Friday, February 26, to the Nassau County Police Department ("SCPD") and/or Sheriff's Department ("NCSD").

21. Plaintiff was immediately taken by the Individual Defendants into a room where multiple surveillance cameras were covered with blue latex gloves and told to undress for a strip search.

22. While Plaintiff was speaking to one of the officers and inquiring about the intake process, Officer Jones berated Plaintiff, called him an asshole, and instructed him not to speak.

23. Plaintiff commented that Jones was being unnecessarily disrespectful, to which the officer angerly threatened that he would "fuck [Plaintiff] up."

24. Plaintiff told Jones that he would take legal action against the officer if he violated Plaintiff's rights. Jones responded that he didn't "give a fuck" if Plaintiff did so, because he had been "sued before."

25. Plaintiff turned to Does #1–2 for help and asked if the officers heard Jones's threats. Doe #2 responded, in sum and substance, "If anything happens, I didn't see it."

26. Jones then swung his closed fist at Plaintiff, punching him square in the face, causing Plaintiff's head to hit the wall and his body to slide down onto a bed below.

27. Jones then took his forearm and put it against Plaintiff's neck, pressing Plaintiff against the wall while cursing at him and restricting his breathing in such a way that Plaintiff could not scream or speak approximately one minute.

28. While Jones assaulted Plaintiff, Does #1–2 stood by and watched. Neither officer intervened in the unconstitutional conduct, either verbally or physically, nor did they report the incident to any authority.

29. After the assault, Doe #2 told Plaintiff he would be taken to a hospital. Ten to fifteen minutes later, while a group of officers prepped a transport van to the Nassau County Correctional Center ("NCCC"), Plaintiff reminded them he needed medical assistance. The officers told Plaintiff to "shut the fuck up" and "get in the van" because he was going to jail.

30. Plaintiff disclosed all details of the assault to his transporting officers, which they ignored. Plaintiff banged his arm on the partition of the van out of frustration when the officers continued to ignore his requests for medical attention.

31. Upon arrival and NCCC, Plaintiff felt dizzy and nauseous, so he again requested medical attention. He also repeated the details of the assault to the intake officers at NCCC, who refused to report the assault or provide Plaintiff with medical attention.

32. Plaintiff was finally seen by a nurse or nurse practitioner, who checked Plaintiff's, vitals but refused to take photos of his visible injuries.

33. Plaintiff disclosed the assault and told the nurse that he was having trouble breathing

and did not feel quite right, and requested that he be transported to a hospital.

34. But the nurse refused to report the incident, told Plaintiff his vitals were fine, and sent him to the medical unit to await an exam by the doctor. Plaintiff waited for another half hour before requesting emergency medical attention again, which was ignored.

35. A female CO then came to the area with a document and told Plaintiff to sign it. The document stated Plaintiff had intentionally hit his head on the partition multiple times, causing his injuries.

36. Plaintiff told the officer that he would not sign the document, that he did not hit his head in the van (intentionally or otherwise) but was actually assaulted. The officer claimed that there was surveillance footage to prove what happened, and Plaintiff insisted that she review it and see what actually happened. He then requested a copy of the document, but the officer refused to provide one if Plaintiff would not sign. She also refused to report the assault.

37. Plaintiff eventually saw the facility doctor, who had him transported to Nassau Medical, where Plaintiff received diagnostic imaging and was ultimately diagnosed with a concussion. He was then transferred back to the medical unit of the jail.

38. Plaintiff was dizzy and nauseous from the assault, and his neck and back radiated with pain for approximately two weeks afterward. He was also harassed and taunted by the officers while in custody, because of his repeated disclosures of the assault.

39. Plaintiff was eventually returned to the hospital, where he was diagnosed with post-concussive syndrome because of his persistent symptoms.

40. Plaintiff was ultimately released from the County's custody on or about March 2, 2021, when he was finally taken before a judge and released immediately thereafter.

## THE INJURIES TO PLAINTIFF

41. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering and physical injuries that Plaintiff was forced to endure as a consequence of the Individual Defendants' decidedly wrongful actions.

42. Plaintiff is entitled to compensatory and punitive damages, as the Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of his well-established civil rights.

43. Nassau County is responsible for these damages under the state law doctrine of *respondeat superior*.

44. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in the Civil Practice Law & Rules 1602 with respect to joint and several liability.

## FIRST CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST OFFICER JONES

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. Officer Jones used unprovoked, unlawful, and excessive physical force against Plaintiff while demeaning him during his intake into Nassau County custody.

47. This force was malicious, gratuitous, and with the intention of inflicting physical and emotional harm to Plaintiff in retaliation for speaking during the intake process.

48. By virtue of this use of excessive force by Officer Jones, Plaintiff was deprived of his civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable or unlawful seizures, and Jones is therefore liable to

Plaintiff for damages under 42 U.S.C. § 1983.

49. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and Jones is liable for punitive damages.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983
## AGAINST DOES #1–2

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51. Does #1–2 failed to intervene to prevent, end, or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so. Instead, they each worked to cover up the incident.

52. Does #1–2 were present for the assault, but failed to intervene, end, or report the unconstitutional conduct of Officer Jones.

53. Does #1–2 thereby displayed deliberate indifference to Plaintiff's rights, including, but not limited to, his right to be free from excessive force, right to fair and just due process, and right to prompt medical attention.

54. Does #1–2 agreed among themselves and with other individuals to cover up this wrongdoing, and thus conspired to deprive Plaintiff of his civil rights.

55. By virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and Does #1–2 are liable to Plaintiff for damages under 42 USC § 1983.

56. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and Does #1–2 are each liable for punitive damages.

## THIRD CLAIM FOR RELIEF:
## ASSAULT AGAINST THE INDIVIDUAL DEFENDANTS
## AND NASSAU COUNTY

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. The Individual Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

59. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

60. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

61. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF:
## BATTERY AGAINST THE INDIVIDUAL DEFENDANTS
## AND NASSAU COUNTY

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

63. The Individual Defendants intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff and handcuffed him without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

64. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

65. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

66. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## SEVENTH CLAIM FOR RELIEF:
## NEGLIGENT SCREENING, HIRING, TRAINING, RETENTION, SUPERVISION, AND DISCIPLINE AGAINST NASSAU COUNTY

67. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

68. Nassau County negligently screened, hired, trained, retained, supervised, and/or disciplined the Individual Defendants with respect to (1) when to use force; (2) how much force to use where necessary; (3) intervening in the unlawful conduct of fellow officers; (4) failing to report officer wrongdoing or the complaints of a person in custody; (5) fabricating or otherwise falsifying official documents; (6) covering up unlawful conduct; and/or (7) providing prompt medical attention to those who require it.

69. The acts and conduct of the Individual Defendants were the direct and proximate cause of the violation of Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and constitute torts actionable under the common laws and statutes of the State and New York.

70. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the County is liable for these injuries.

## FIFTH CLAIM FOR RELIEF:
### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE INDIVIDUAL DEFENDANTS AND NASSAU COUNTY

71. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

72. The Individual Defendants engaged in extreme and outrageous conduct when they assaulted and/or failed to intervene in the assault, attempted to coerce Plaintiff into signing fabricated documents, worked in concert to cover-up this wrongdoing, and failed to get him the medical attention he needed, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

73. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable for punitive damages, as is Nassau County under the doctrine of *respondeat superior*.

## SIXTH CLAIM FOR RELIEF:
### VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to the following rights:

   a. freedom from unreasonable seizures;

   b. freedom from the use of excessive force; and

   c. freedom from deprivation of liberty without due process of law

76. As a direct and proximate result of the Individual Defendants' deprivations of

Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff was caused to suffer physical and emotional injuries, and the Individual Defendants are liable for punitive damages, as is Nassau County under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants and Nassau County:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
October 17, 2022

Rickner PLLC

By:         /s/

Rob Rickner
Stephanie Panousieris

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

## ATTORNEY'S VERIFICATION

I, Stephanie Panousieris, an attorney duly admitted to practice before the Courts of the State of New York, affirm the following to be true under the penalties of perjury:

    1) I am the attorney of record for the Plaintiff.

    2) I have read the annexed Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are alleged upon information and belief, and as to those matters, I believe them to be true. My beliefs, as to those matters therein not stated upon knowledge, are based upon facts, records, other pertinent information contained in my files.

    3) This verification is made by me because Plaintiff does not reside in the County where counsel maintains offices.

Dated: New York, New York
       October 17, 2022

Rickner PLLC

By: _/s/ Stephanie Panousieris_
Stephanie Panousieris

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*